HENRY DUFFIN v. MICHAEL WOLF & JOHN S. NOBLE.

1. If an attachment has been discontinued by plaintiff by motion only made in open court, without fraud, before any other creditor had applied to the court or auditors, the discontinuance will not be set aside on application of another creditor made to the court on the same day, even if he had

given notice to the plaintiff's attorney before the discontinuance, that he would apply under the attachment.

2. If the discontinuance be entered by fraud, or in bad faith, it will be set aside.

3. One attachment issued and served, is no bar to the issuing and service of another in the same county against the defendant by another creditor. The dictum in *Cummins* v. *Blair*, 3 *Harr.* 152 *contra* overruled.

On the first day of the present Term, a writ of attachment in the above cause was returned to this court by the Sheriff of the county of Mercer. Upon the opening of the court the plaintiff in attachment moved for leave to discontinue the suit. No auditors having been appointed, and no creditors having applied to the court to have their demands adjusted, the motion was granted and the discontinuance entered.

Upon the same day application was made on behalf of a creditor of the defendant in. attachment, to vacate the order for leave to discontinue the suit, and to cause the attachment to remain in force. This application is based upon an affidavit of the attorney of the applying creditor, that the claim was placed in his hands for collection on the 28th of August last; 'that on the same day he (the attorney) was informed by the Sheriff that he had attached all the rights and credits, moneys and effects of the defendants in the hands of "The Trenton Iron Company," and that notice was given by the attorney of the applying creditor to the attorney of the plaintiff in attachment of the existence of the claim, and that it would be presented under the writ of attachment.

Argued before the CHIEF JUSTICE, and NEVIUS, WHITEHEAD, and CARPENTER, JJ.

The CHIEF JUSTICE delivered the opinion of the court.

The affidavit upon which the application is founded has not been taken pursuant to the rule of court. It is sufficient, however, to authorize the granting of a rule to shew cause if the facts disclosed therein will warrant the interference of the court.

Supposing the facts alleged to be formally and fully established, will the court be authorized to grant the application ?

At common law every plaintiff has a right to withdraw from court and discontinue his suit at any time before trial. It is conceded that if the plaintiff in attachment is not at liberty to discontinue his suit, it must be by force of some statutory provision.

By the statute regulating proceedings in attachment, it is enacted, that the plaintiff in attachment shall not be permitted to discontinue the same without the consent of, or satisfaction made to, each of the creditors, who shall have applied to the court or to the auditors, for the purpose of having their claims adjusted. He may discontinue at his pleasure if there be no applying creditor, or with the consent of such as have applied, at the time of obtaining leave to discontinue, and entering the discontinuance. In the present case it is admitted that no creditor had applied to the court or to the auditors as prescribed by the act. The order then was regularly made, and the discontinuance properly entered pursuant to the leave granted. The proceeding was clearly within the express letter of the statute. But it is said that it is in violation of the spirit and policy of the act. But how so ? The remedy by attachment is purely a statutory remedy. The creditor is entitled to all the relief the statute provides. This court can furnish no more. The defendant is subjected to all the burdens the statute imposes. The court can impose no more.

The statute makes the levying of the attachment a lien for the equal benefit of all the creditors who shall apply to the court or to the auditors for that purpose. It holds the property of the defendant bound for the satisfaction of the claims of all the applying creditors. At the same time it authorizes the defendant to have his property relieved from seizure, and the attachment discharged at any time, by satisfying the claims, or by the consent, of such creditors as shall have applied to the court or to the auditors. The application to the court or to the auditors is the test prescribed by the statute of the lien of the creditors' claim. It is now sought to carry the remedy further, and to

give the benefit of the lien to all such as shall have notified the attorney of the plaintiff of their intention to apply. It is enough to say that this is not the test prescribed by the statute. It is not alleged or pretended that any fraud was practiced. That any trick, or contrivance, or management was resorted to, that any measure was adopted in bad faith to prevent the creditor from applying in due season to the court to secure his claim. Such a course would have rendered the order void, and the discontinuance a nullity. The cause would have remained in court and the attachment in force. But here the order is clearly regular. The discontinuance is valid. The cause is ended. The lien of the attachment is gone. By what process is the suit to be revived and the lien of the attachment renewed? Suppose upon the entry of the discontinuance the property attached had been sold by the defendant, or levied upon in execution, are the rights of the purchaser or of the creditor to be divested by the revival of the suit?

But it will be recollected that the rights of the defendant in attachment are involved in this proceeding. He has a right to settle with the plaintiff and relieve his property from the lien of the attachment at any time, by leave of the court upon satisfying such creditors, if any, as have applied to the court or to the auditors for the purpose. Suppose that the existence of other creditors had been known to this court, but that no application in their behalf had been made, would the court have been warranted in refusing leave to discontinue? Might not the defendant in attachment insist with reason that by the terms of the statute, and by its spirit and policy, too, he was entitled to have his property relieved upon satisfying the *applying* creditors? Is not the advantage to the diligent? And has not the defendant as good a right to settle with the plaintiff and rescue his property from seizure by a compliance with the requisition of the statute, as the creditors have to insist upon the continuance of the lien, when they bring themselves within the provisions of the act?

Nor has the creditor the least ground of complaint. He had an opportunity to apply to the court before the discontinuance of the attachment, or he might have sued out a writ of attach-

ment in his own name, and thus have rendered his security undoubted.

I am aware that it was said by one of the court in delivering the opinion in *Cummins* v. *Blair*, 3 *Har.* 152, that when one suit is commenced by attachment it stops every other creditor from proceeding in the same county by attachment until the first suit is discontinued. But this was not the point decided, and I am not aware of any principle or authority by which the *dictum* can be supported. The case of *Harris* v. *Linnard*, 4 *Halst.* 58, cited in support of the proposition, simply proves that more than one writ of attachment cannot be sued out by *the same plaintiffs in the same county against the same defendant.* But it does not interfere with the right of every creditor to sue out a writ of attachment in his own name. True, the court will not permit more than one of several attachments to proceed to judgment, nor do they encourage the issuing a multiplicity of writs. And where writs are issued unnecessarily, or with design to multiply costs, the court may interfere to prevent the abuse of its process. But we deem it clear both on reason and authority, that different writs of attachment may be sued out, by different plaintiffs against the same defendant in the same county returnable to the same term.

The leave to discontinue in the present case having been granted, and the discontinuance having been entered before any creditor had applied to the court, the discontinuance was regular and cannot now be avoided. Although done by the attorney of the plaintiff with full knowledge of the existence of the claims of other creditors and of their intention to apply, that did not make the act fraudulent. It is no violation of the spirit or of the policy of the act. The defendant was entitled to the order at the time it was made, and he is entitled to hold his property now free from the attachment.

The motion is denied.

CITED *in Curry* v. *Glass*, 10 *C. E. Gr.* 109.